IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA ARENAS, individually, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No.: 5:16-cv-1203 |
| JOHN CALHOUN, in his individual capacity. | § | |
| | § | |
| Defendants. | § | |

## DECLARATION OF SCOTT MEDLOCK

1. My name is Scott Medlock. I am over the age of 18. This declaration is true and correct, and based on my personal knowledge.

2. I am counsel for the Plaintiff in the above captioned case.

3. Plaintiff requires discovery before she can adequately file a response to a motion for summary judgment in this case.

4. This litigation was filed on November 28, 2016. In lieu of an answer, the defendant filed a motion to dismiss on January 26, 2017. There is no scheduling order, and no discovery has taken place.

5. Prior to filing this litigation, Plaintiff obtained a very limited amount of documents through Georgia public records. Based on my eleven years of experience in representing inmates and their families in cases like this, I do not believe Plaintiff has anywhere near the entirety of the Georgia Department of Corrections' records on Mr. Tavara, Plaintiff's son. Among other categories of documents, I would expect Georgia authorities conducted some investigation into Mr. Tavara's death, that the GDOC maintained a custody file on Mr. Tavara (which would demonstrate his behavior in prison), and that GDOC conducted a

suicide risk assessment of Mr. Tavara at some time. Likewise, the documents filed with the Court indicate that a video recording of at least part of the incident exists. Presently, Plaintiff does not have any of these documents or the video.

6. These documents are necessary to respond to contentions in Calhoun's brief, such as that Mr. Tavara was a dangerous inmate likely to "fake" a suicide attempt to assault prison staff.

7. Likewise, Plaintiff has not had the opportunity to take the deposition of Mr. Calhoun, or the other individuals identified in the incident reports filed with the Court.

8. I declare under penalty of perjury that the above is true and correct.

Date: 2/7/17

Scott Medlock