IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA ARENAS, individually, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No.: 5:16-cv-1203 |
| JOHN CALHOUN, in his individual capacity. | § | JURY |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S DESIGNATION OF POTENTIAL WITNESSES, TESTIFYING EXPERT WITNESSES, AND PROPOSED EXHIBITS**

COMES NOW Plaintiff Maria Arenas, and in accordance with the Court's Scheduling Order, hereby identifies and designates the following expert witnesses, and would show as follows:

**I.  EXPERT WITNESSES**

A. Retained Experts

1) William W. Spangler MD
   3131 Memorial Court, Suite 9104
   Houston, TX 77007
   Tel. 281-450-7980

2) Raul Banasco
   P.O. Box 142
   Ft. Worth, Texas 76101
   Tel. 407-702-5666

3) Thomas W. Glass, PHD, CPA
   Glass & Company, CPAs
   500 W. 5th St., Suite 1200
   Austin, Texas 78701
   Tel.512-480-8182

**4) Attorney's Fees**

    Jeff Edwards
    Scott Medlock
    David James
    Mike Singley
    EDWARDS LAW
    1101 E. 11th St.
    Austin, TX 78702
    (512) 623-7727

    Jeremy Doyle
    Reynolds Frizzell, LLP
    1100 Louisiana, Suite 3500
    Houston TX 77002
    713-485-7205

    Jason Panzer
    Herring & Panzer, LLP
    1411 West Avenue, Suite 100 Austin, TX78701
    (512) 320-0665

For the subject matter of the experts testimony, please see Plaintiff's expert disclosures (Doc. 29) and their deposition testimony. As to attorneys' fees, each of the experts listed above will submit a declaration in compliance with Rule 26 should the Plaintiff prevail at trial.

Plaintiff reserves the right to elicit, by way of cross-examination, opinion testimony from experts designated or to be designated and called by other parties to the suit. Plaintiff also reserves the right to elicit, by way of cross-examination, opinion testimony from Defendant and any of his agents. Plaintiff expresses her intention to possibly call, as witnesses associated with adverse parties, any of Defendant's experts and/or employees (or former employees) of the Georgia Department of Corrections. Plaintiff does not have any control over any such witness to be named by Defendant, nor do they have any superior right to ascertain the subject matter on which any such witness may testify and/or opinions held by any such witness, beyond the information disclosed in deposition testimony and/or by Defendant's discovery responses. In that regard, Plaintiff refers to Defendant's discovery documents, deposition testimony, and documents produced by Defendant in discovery or through Public Information Act requests for the subject matter, facts known, and opinions and impressions of these witnesses. Plaintiff reserves the right to obtain opinion testimony from any such witness within their area of expertise or related to this case.

Plaintiff reserves the right to call undesignated rebuttal expert witnesses, whose testimony cannot reasonably be foreseen until the presentation of the evidence

against the Plaintiff.

Plaintiff reserves the right to withdraw the designation of any expert and to aver positively that any such previously designated expert will not be called as a witness at trial, and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

Plaintiff reserves the right to supplement this designation with additional designations of experts within the time limits imposed by the Court or any alterations of same by subsequent Court Order or agreement of the parties, or pursuant to the Federal Rules of Civil Procedure.

Plaintiff reserves the right to elicit any lay opinion testimony at the time of trial which would be truthful, which would be of benefit to the jury to determine material issues of fact, and which would not violate any existing Court Order or the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence. Specifically, Plaintiff reserves the right to elicit such testimony from persons with knowledge of relevant facts who have been identified in response to discovery propounded to Plaintiffs.

Plaintiff reserves all additional rights they have with regard to experts pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the case law construing same, and the rulings of the trial court.

Plaintiff names all of those persons identified as having knowledge of relevant facts whose training and background enables them to testify as experts and who may be called as experts by any of the parties to this litigation. Furthermore, Plaintiff adopts the designation of experts of Defendant to this litigation, without necessarily adopting their opinions or validating their qualifications as experts.

Plaintiff reserves the right to call former and current employees and/or representatives of Defendant as they are identified in discovery.

B. Non-Retained Experts

1. Medical Providers

The following persons are medical providers, including physicians, technicians, nurses, radiologists, physician's assistants, healthcare providers, records custodians, clinics, hospitals and their agents, representatives and employees, where, or by whom, Mr. Tavera received medical care and treatment. Plaintiff identifies the following health care providers as persons who may give expert testimony at the trial of this cause. To the extent it is necessary to call live at the trial of or deposition in this cause any custodian of records for any of the following health care providers, Plaintiff identifies any such custodian as a person who may have expert knowledge regarding issues related to the incident in question, including the costs of care provided to Plaintiff and the reasonable

certainty of future medical care. The health care providers listed below are not within the control of Plaintiff and have not been retained by Plaintiff as expert witnesses (and therefore have not provided to Plaintiffs any specific written report other than their respective medical records); therefore, for the mental impressions held by and the opinions of and facts known by any of the following witnesses, please refer to their medical records of Plaintiff and any deposition testimony given or to be given by any such healthcare providers.

>Dr. Samina Ibad
>Austin Travis County Mental Health
>105 W Riverside Dr
>Austin, Texas 78704

>Dr. Samina Ibad treated Mr. Tavera. It is anticipated that she will testify as to the facs described in the complaint.

Each of these providers may testify about Mr. Tavera's medical condition.

For the subject matter on which the medical providers will testify and the general substance of their mental impressions and opinions and for a brief summary of the basis for their opinions, please refer to their respective medical records, and their depositions.

## II. FACT WITNESSES

Plaintiff serves her designation of potential fact witnesses as follws:

A. Plaintiff: Maria Arenas
c/o the undersgned counsel for Plaintiff

Ms. Arenas will testify to the facts described in the complaint and in her deposition.

B. Defendant: John Calhoun
c/o Ellen Cusimano, counsel for Defendant

Mr. Calhoun will testify concerning the facts described in the complaint.

C. Non Party Witnesses

1) Diana Reyes Manzano
3230 Duval Rd. #1602
Austin, Texas 78759
Tel. 512-521-8138

Ms. Manzano is the Plaintiff's daughter and will testify to her damages.

**2)** Jody Rochelle
Tel. 512-346-7034

Ms. Rochelle is a friend of Plaintiff. She can testify to her damages.

**3)** Gracie Cruz
Tel. 512-888-6437

Ms. Cruz is a close friend of Plaintiff. She can testify to her damages.

**III.** **FACT WITNESSES BY DEPOSITION**

**1)** Stanley Williams
c/o Ellen Cusimano

Mr. Williams is the warden at State Smith Prison in Tattnall County, Georgia. Plaintiff anticipates he will testify consistently with his deposition. Plaintiff will supplement the page and line desingation for his deposition.

**2)** Mark Shelby
c/o Ellen Cusimano

Mr. Shelby is a correctional seargeant at Smith State Prison in Tattnall County, Georgia. Plaintiff anticipates he will testify consistently with his deposition. Plaintiff will supplement the page and line desingation for his deposition.

**3)** Marvin Dickson
c/o Ellen Cusimano

Mr. Dickson is a correctional lieutenant at the Smith State Prison in Tattnall County, Georgia. Plaintiff anticipates he will testify consistently with his deposition. Plaintiff will supplement the page and line desingation for his deposition.

**4)** Adam Haas
c/o Ellen Cusimano

Mr. Haas is a correctional officer at the Smith State Prison in Tattnall County, Georgia. Plaintiff anticipates he will testify consistently with his deposition. Plaintiff will supplement the page and line desingation for his deposition.

To the extend necessary, Plaintiff will call any records custodians of the Georgia Department of Corrections or Georgia Correctional Health Care by deposition.

## IV. PLAINTIFF'S PROPOSED EXHIBITS

| Exhibit | Description | Offer | Object | A/R |
|---|---|---|---|---|
| PL 1 | Cellblock Surveillance Video (Dec 7, 2014) | | | |
| PL 2 | Handheld Vide #1 | | | |
| PL 3 | Handheld Video #2 | | | |
| PL 4 | | | | |
| PL 5 | Autopsy of Richard Tavera | | | |
| PL 6 | Officer Calhoun Written Witness Statement | | | |
| PL 7 | Cell Logs | | | |
| PL 8 | Lt. Dickson Witness Statement | | | |
| PL 9 | Richard Tavera EMS Records | | | |
| PL 10 | GDOC Incident Report | | | |
| PL 11 | GDOC Standard Operating Procedures- Policy Ad Seg | | | |
| PL 12 | Mark Shelby Written Witness Statement | | | |
| PL 13 | GDOC Standard Operating Procedures- Suicidal Behavior | | | |
| PL 14 | Smith State Prison Suicide attempt of 12.14.25 | | | |
| PL 15 | Smith State Prison Suicide attempt of 10.02.15 | | | |
| PL 16 | Smith State Prison Suicide attempt of 10.07.08 | | | |
| PL 17 | Smith State Prison Suicide attempt of 10.09.17 | | | |
| PL 18 | Smith State Prison Suicide attempt of 10.11.19 | | | |
| PL 19 | Smith State Prison Suicide attempt of 11.1.20 | | | |
| PL 20 | Smith State Prison Suicide attempt of 11.3.6 | | | |
| PL 21 | Smith State Prison Suicide attempt of 12.4.25 | | | |
| PL 22 | Smith State Prison Suicide attempt of 12.8.2 | | | |
| PL 23 | Smith State Prison Suicide attempt of 14.3.3 | | | |
| PL 24 | Smith State Prison Suicide attempt of 14.3.4 | | | |
| PL 25 | Smith State Prison Suicide attempt of 14.5.20 | | | |
| PL 26 | Smith State Prison Suicide attempt of 14.5.28 | | | |
| PL 27 | Smith State Prison Suicide attempt of 14.5.29 | | | |
| PL 28 | Smith State Prison Suicide attempt of 14.6.25 | | | |
| PL 29 | Smith State Prison Suicide attempt of 15.6.6 | | | |

| **PL 30** | Smith State Prison Suicide attempt of 15.6.18 | | | |
|---|---|---|---|---|
| **PL 31** | Smith State Prison Suicide attempt of 15.7.20 | | | |
| **PL 32** | Smith State Prison Suicide attempt of 15.7.29 | | | |
| **PL 33** | Smith State Prison Suicide attempt of 15.8.2 | | | |
| **PL 34** | Smith State Prison Diagram | | | |
| **PL 35** | Institutional History Summary – Richard Tavera | | | |
| **PL 36** | Smith State Prison List Suicide Attempts (2015) | | | |
| **PL 37** | MR – Richard Tavera Psychiatric Records | | | |
| **PL 38** | Richard Tavera Medical Records – 14.12.06 | | | |
| **PL 39** | GDOC Policy – Administrative Segregation | | | |
| **PL 40** | GDOC Policy – Suicide Prevention (2005 Effective) | | | |
| **PL 41** | Smith State Prison – Post Order | | | |
| **PL 42** | Richard Tavera Sentence Information | | | |
| **PL 43** | Smith State Prison Suicide Attempts – 2008-2012 | | | |
| **PL 44** | Expert report of William Spangler M.D. | | | |
| **PL 45** | Expert report of Raul Banasco | | | |
| **PL 46** | Expert report of Thomas W. Glass, PHD, CPA | | | |
| **PL 47** | Social Security Administration Life Tables | | | |
| **PL 48** | Photographs of Richard Tavara and Family | | | |
| **PL 49** | C.V. of Dr. William Spangler, M.D. | | | |
| **PL 50** | C.V. of Raul Banasco | | | |
| **PL 51** | C.V. of Thomas W. Glass, Ph.D. | | | |
| **PL 52** | Letters and text messages from Richard Tavara to Maria Arenas | | | |
| **PL 53** | Iserson, KV; Strangulation: A review of ligature, manual, and postural neck compression injuries. Ann. Emerg. Med. March 1984; 13:179-185 | | | |

Respectfully submitted,

**EDWARDS LAW**
1101 East Eleventh Street
Austin, Texas 78702
Tel. (512) 623-7727
Fax. (512) 623-7729

By  /s/ Jeff Edwards
    JEFF EDWARDS
    State Bar No. 24014406
    jeff@edwards-law.com
    SCOTT MEDLOCK
    State Bar No. 24044783
    scott@edwards-law.com
    DAVID JAMES
    State Bar No. 24092572
    david@edwards-law.com
    MIKE SINGLEY
    State Bar No. 00794642
    mike@edwards-law.com

**ATTORNEYS FOR PLAINTIFF**
**CERTIFICATE OF SERVICE**

By my signature below, I hereby certify that on **October 31, 2017**, the foregoing document was filed with the District Clerk using the Court's e-filing system and was provided to the attorney of record via electronic service.


    /s/    *Jeff Edwards*
    Jeff Edwards