IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA ARENAS, individually, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | Civil Action No.: 5:16-cv-1203 | |
| JOHN CALHOUN, in his individual capacity. § | JURY | |
| § | | |
| Defendant. § | | |

**PLAINTIFF'S MOTION TO STRIKE**

Plaintiff respectfully requests that the Court strike untimely evidence, a declaration of Steve Upton, that Defendant only provided in his reply brief to support his motion for summary judgment. Doc. 44-1. Defendant never disclosed Upton's identity, much less his testimony, so no discovery about his contentions has been conducted.

**I.    FACTUAL BACKGROUND**

Plaintiff Maria Arenas filed this civil rights case on November 28, 2016. Doc. 1. Defendant John Calhoun, an officer at the Georgia Department of Corrections (GDOC), failed to intervene to stop an inmate's suicide, despite seeing that the inmate, Plaintiff's son Richard Tavera, was in the process of hanging himself in his cell. Ex. 1, Incident Report. Due to Calhoun's delay, Tavera successfully committed suicide while Calhoun watched. *See* Doc. 39, Plaintiff's Response to Motion for Summary Judgment.

The parties exchanged initial disclosures in April 2017. Defendant's disclosures did not identify any non-parties with knowledge, but referred to "Any person identified by Plaintiffs" and "Any person mentioned or identified in the incident report or medical records concerning decedent's suicide on December 7, 2014." Ex. 2, Calhoun's Initial Disclosures (April 3, 2017), pp. 3, 6.

1

In response to an interrogatory asking to identify all persons with knowledge, Defendant referred only to "the incident report and witness statements" and identified the prison's warden and unit manager. Ex. 3, Calhoun's Responses to Interrogatories (June 8, 2017), p. 3.[1]

Defendant provided his expert disclosures on October 13, 2017. Defendant's Rule 26(a)(2)(C) non-retained witnesses included unspecified "correctional officers or officials with GDOC who have knowledge of GDOC's practices and policies regarding: (1) treatment of mentally ill inmates, and (2) the procedures for entering an inmate's cell during a potential emergency." Ex. 9, Calhoun's Expert Disclosures, p. 2.[2]

Pursuant to the Court's scheduling order, discovery closed on October 27, 2017. Doc. 19, p. 2.

Defendant filed a Rule 56 motion for summary judgment on November 29, 2017. *See* Doc. 34. Plaintiff responded on December 28, 2017. Doc. 42.

In reply, on January 9, 2018, Defendant disclosed an undated declaration by the director of operations for the GDOC, Steve Upton. Doc. 44-1. Upton's name does not appear in any previous disclosures by Defendant, he has not been discussed in any depositions, and Plaintiff had no idea Defendant intended to rely upon his testimony.

Upton's affidavit focuses on disputing Plaintiff's reading of GDOC policy SOP VG68-0001, and claims that the suicide prevention policy only applies to inmates who

---

[1] Even if this type of response were sufficient, these documents do not identify Upton. *See* Ex. 1, Ex. 4, Ex. 5, Ex. 6, Ex. 7, Ex. 8.

[2] This designation is plainly insufficient to disclose the employees, as it does not name the people. FED. R. CIV. P. 26(a)(1)(A)(i); *see, e.g.*, *In re Sambrano*, 440 B.R. 702, 706 (Bankr. W.D. Tex. 2010) (excluding witnesses where party had only identified "employees and agents" in disclosures).

2

have been moved to special housing due to a suicide risk. Doc. 44-1, p. 5, ¶ 15. Although the affidavit claims this limitation is by the terms of the policy, it does not cite to any language in the policy making this clear. *Id.* Upton tries to justify this practice with a vague warning that he has "witnessed … countless incidents in which an inmate attacked an officer" and an undated incident where an unnamed inmate "faked a suicide" to attack unspecified officers. Doc. 44-1, pp. 3–4, ¶¶ 10, 11. The affidavit also generically characterizes GDOC's practices (e.g., "GDOC requires the presence of not less than two officers before an inmate's cell can be entered"), priorities (e.g., "maintaining institutional security remains a primary concern"), and the "potential threat to security" of certain parts of the prison, Doc. 44-1, p. 2–3, ¶¶ 4, 6, 8.

## II. ARGUMENT

Defendant has defied the Court's limitations on discovery by presenting an undesignated, undisclosed witness to assert cumulative expert testimony by declaration only in *reply* to support his own motion for summary judgment after the close of discovery. Plaintiff has not had the opportunity to discover or evaluate Upton's sweeping claims and opinions, and the basis for them, because Plaintiff had no idea his testimony would be used. Defendant's flagrant disregard for the Court's schedule is an unfair surprise to Plaintiff and the Court should strike the declaration.

"A party who makes an untimely disclosure under Rule 26(e) will not be able to use that information or witness to supply evidence unless the failure to disclose was substantially justified or is harmless." *Knauff v. Dorel Juvenile Grp., Inc.*, No. CIV A 5:08CV00336-XR, 2009 WL 2408179, at *2 (W.D. Tex. Aug. 4, 2009) (Rodriguez, J.); FED. R. CIV. P. 37(c)(1). The Court has discretion to exclude untimely witnesses, and is

3

guided by a four factor test: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). Under this standard, Defendant's declaration should be excluded.

### A. Defendant's untimely disclosure is not justified.

Defendant simply filed the testimony before the Court, and offered no explanation for the failure to timely disclose the witness. Defendant clearly anticipated the need for this testimony earlier, as the declaration mirrors Defendant's self-serving assertions in his motion for summary judgment. *Compare, e.g.*, Doc. 34-1, Decl. of Calhoun, p. 3, ¶ 16 ("inmates often 'fake' injuries … to lure officers into their cell") *and id.*, p. 4, ¶ 17 ("prison policy/practice … prohibits officers from entering a cell alone") *with* Doc. 44-1, p. 3, ¶ 10 ("I have … experienced several instances where an inmate faked a suicide") *and id.*, p. 2, ¶ 6 ("GDOC requires the presence of not less than two officers" to enter a cell). Defendant also foresaw the need to offer bolstering testimony to his own description of the practice, as he retained a correctional expert. *See* Doc. 34-10. Accordingly, no explanation can justify the untimely declaration.

### B. Defendant's late designation is cumulative and not inherently important. Upton does not eliminate the material fact dispute because his opinions contradict the language of the GDOC policy.

The subject matter of Upton's testimony is cumulative, not important to Defendant, serving only to highlight a fact issue at summary judgment by elaborating on Defendant's stated position and the self-serving testimony of defendants in the related Georgia case. Had Upton's testimony been timely, it would be merely cumulative.

4

Indeed, Defendant already has a retained correctional expert witness. *See* Doc. 34-10. Shoehorning Upton's testimony on top of these witnesses and experts is only strategically important to Defendant because Upton has the advantage of surprising Plaintiff, limiting the avenues open to cross-examination at trial or other anticipation at summary judgment.

Moreover, Upton merely highlights a disputed material fact issue, so his testimony will not change the disposition of Defendant's motion for summary judgment. *See Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014). Upton's assertions, which are identical to Defendant's, still contradict the plain language of the GDOC policy. Indeed, Upton appears to declare that the Smith State Prison, where Calhoun watched Tavera kill himself, does not even have the type of mental health cells that the policy VG68-0001 is applicable to.[3] Yet, the policy expressly states, "this procedure is applicable to all State Institutions" while, in contrast, spelling out its limited applicability to other types of facilities such as county and parole facilities. Doc. 44-1, p. 8 (ARENAS0001).

And, contrary to Defendant's reply, it is not just Plaintiff's reading of the policy. *Contra* Doc. 44, p. 1. Defendant Calhoun's supervisor and a fellow officer both agreed that Calhoun did not follow the procedure in their depositions. *See* Doc. 39-3, Appx. 175:15–176:5, 177:13–25 (Dickson agreeing Calhoun had to "go in and help [Tavera] … according to written policies" and he did not); *id.*, Appx. 227:22–228:25 (Shelby agreeing to the same).

As a result, Defendant will not be significantly prejudiced by excluding the untimely declaration from consideration of his motion for summary judgment.

---

[3] Doc. 44-1, p. 5, ¶ 15 ("SOP VG68-0001 … applies only to inmates who have been placed in a designated stabilization unit"), p. 6, ¶ 19 ("Smith State Prison does not have mental health units").

### C. Upton's designation outside of discovery is unfairly prejudicial because Plaintiff has had no opportunity to explore or develop his opinions.

The prejudice to Plaintiff of allowing Upton's testimony is clear: Plaintiff will not be able to fully respond to this undisclosed witness's factual assertions and undesignated expert testimony, because "a reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond." *Springs Indus., Inc., v. Am. Motorists Ins. Co.,* 137 F.R.D. 238, 239 (N.D. Tex. 1991); *see also Everett Fin., Inc. v. Primary Residential Mortg., Inc.*, No. 3:14-CV-1028-D, 2017 WL 90366, at *4 (N.D. Tex. Jan. 10, 2017) (finding substantial prejudice where a witness was disclosed, but not identified as an expert until after his deposition); *MGE UPS System, Inc. v. Power Maintenance International Inc.*, No. 4:04-cv-929-Y, 2008 WL 11349945 (N.D. Mar. 10, 2008), *2. Even if the Court grants leave to file a sur-reply, Plaintiff had no way to anticipate Upton during discovery, so Upton has not been deposed and any documents that might exist concerning his tenure, including his alleged experience with fake suicides, reading the GDOC policy, and applying the GDOC policy throughout the system, cannot be explored in depth.

And Plaintiff has considerable questions just from the single affidavit. Upton's recitation of facts to support his opinions is one-sided, cursory, and vague: What incident is he talking about of a "faked suicide"? How does he know the suicide was faked? How many "countless" attacks on officers does he believe support Calhoun's decision to watch Tavera die? Why are those other attacks on officers related to this incident? Does he know Calhoun? Does he actually approve of Calhoun's decision? As discussed above, moreover, there are apparent contradictions between Upton's opinions and the GDOC

policy at issue. Does he really deny these contradictions, or has GDOC instead decided to follow a practice that is counter to its written policy?

### D. A continuance is not the appropriate remedy because it would allow Defendant to benefit from ignoring the rules.

Finally, granting a continuance would reward Defendant for this failure to disclose, where Defendant has unique access to the liability facts. This is a wrongful death case that occurred inside a state prison. Defendant is represented by the state's attorney general and is demonstrably able to marshal evidence from the prison system at will, including a declaration by its director. Plaintiff, on the other hand, is suing on behalf of a deceased person and must rely upon the rules of discovery to obtain critical evidence as to liability and Defendant's asserted defenses. Defendant, accordingly, will be able to prepare for the liability phase of trial without discovery, whereas Plaintiff is essentially bound to whatever Defendant chooses to reveal. In this context, Plaintiff must ask the Court to closely enforce the rules of timely disclosure, because Plaintiff has little other way to prevent Defendant from failing to reveal important facts and witnesses. Defendant must be bound to its own disclosures.

## III. CONCLUSION.

For the foregoing reasons, Plaintiff respectfully requests that the Court strike Defendant's Exhibit A to his Reply in support of his Motion for Summary Judgment and decline to consider the declaration in resolving the motion. Doc. 44-1.

Dated: January 23, 2018.

                                                  Respectfully submitted,

                                                  **EDWARDS LAW**
                                                  1101 East Eleventh Street
                                                  Austin, Texas 78702

<pre>
                       Tel.  (512) 623-7727
                       Fax. (512) 623-7729

            By    /s/ Jeff Edwards
                  JEFF EDWARDS
                  State Bar No. 24014406
                  jeff@edwards-law.com
                  SCOTT MEDLOCK
                  State Bar No. 24044783
                  scott@edwards-law.com
                  DAVID JAMES
                  State Bar No. 24092572
                  david@edwards-law.com
                  MIKE SINGLEY
                  State Bar No. 00794642
                  mike@edwards-law.com
</pre>

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I certify that I corresponded with counsel for Defendant Ellen Cusimano by electronic mail on January 22, 2018, and Defendant is opposed to the relief requested.

By /s/ *Scott Medlock*
SCOTT MEDLOCK

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing all attorneys of record.

*/s/ Scott Medlock*
SCOTT MEDLOCK