IN THE UNITED STATES DISTRICT COURT
                      FOR THE WESTERN DISTRICT OF TEXAS
                               SAN ANTONIO DIVISION

MARIA ARENAS, individually,           *
                                      *
       Plaintiff,                     *
                                      *     CIVIL ACTION FILE
v.                                    *     No. 5:16-cv-1203-XR
                                      *
JOHN CALHOUN, in his individual       *
capacity,                             *
                                      *
       Defendant.                     *
_____

                   **INITIAL DISCLOSURES OF DEFENDANT CALHOUN**
_____

       (**1**) **If the defendants are improperly identified, state defendants' correct identification and state whether defendants will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response:**

       **RESPONSE:** Defendant Calhoun is properly identified in Plaintiff's Complaint.

       (2)    **Provide the names of any parties whom defendants contend are necessary parties to this action, but who have not been named by plaintiff. If defendants contend that there is a question of misjoinder of parties, provide the reasons for defendants' contention.**

       **RESPONSE:** Defendant Calhoun does not make any such contention.

       (3)    **Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendants in the responsive pleading.**

       **RESPONSE:** Defendant Calhoun's defense is two-fold. First, Defendant Calhoun did not act with deliberate indifference toward the decedent, as he did not know whether the decedent was committing suicide or faking it, and he took appropriate actions to help the decedent while still protecting his own safety. Second, Defendant Calhoun is entitled to

qualified immunity because the law was not well-settled at the time of the decedent's suicide how officers should respond to an inmate who may have committed suicide (or is in the process of committing suicide), including what measures those officers can take to protect their own safety without violating the Constitution.

(4) **Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendants contend are applicable to this action.**

**RESPONSE:**

The following cases illustrate the deliberate indifference standard and/or the qualified immunity standard that Defendant Calhoun believes applies in this case:

Estelle v. Gamble, 429 U.S. 97, 104 (1976)

Farmer v. Brennan, 511 U.S. 825, 837 (1994)

Hare v. City of Corinth, Miss., 135 F.3d 320, 328-29 (5th Cir. 1998)

Conner v. Travis County, 209 F.3d 794, 796 (5th Cir. 2000)

Hope v. Pelzer, 536 U.S. 730 (2002)

Anderson v. Creighton, 483 U.S. 635, 641 (1987)

Hyatt v. Thomas, 843 F.3d 172, 177-78 (5th Cir. 2016)

Rhyne v. Henderson County, 973 F.2d 386 (5th Cir. 1992)

Hare v. City of Corinth, 74 F.3d 633 (5th Cir. 1996)

Jacobs v. West Feliciana Sheriff's Dep't, 228 F.3d 388 (5th Cir. 2000)

Carter v. Galloway, 352 F.3d 1346 (11th Cir. 2003)

Beckford v. Dep't of Corr., 605 F.3d 951 (11th Cir. 2010)

Montano v. Orange County, 2015 U.S. Dist. LEXIS 179378 (E.D. Tx. 2015)

McCoy v. Tex. Dep't of Crim. Justice, 2006 U.S. Dist. LEXIS 63996 (S.D. Tx. 2006)

Cox v. Davis, 2014 U.S. Dist. LEXIS 46891 (S.C. Dt. Ct. 2014)

Coleman v. Dane County Sheriffs, 2013 U.S. Dist. LEXIS 145573 (W.D. Wisc. 2013)

This list is not exhaustive, and Defendant Calhoun reserves the right to supplement it.

**(5)** **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

**RESPONSE:** See Attachment A.

**(6)** **Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

**RESPONSE:** Any expert witness disclosure will be made in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any order of this Court.

**(7)** **Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

**RESPONSE:** See Attachment C.

**(8)** **In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location**

3

**of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

      **RESPONSE:** Not Applicable.

      **(9)** **If defendants contend that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

      **RESPONSE:** Defendant Calhoun makes no such contention at this time.

      **(10)** **Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

      **RESPONSE:** <u>See</u> O.C.G.A. § 50-21-33.

      Respectfully submitted,

      CHRISTOPHER M. CARR   112505
      Attorney General

      KATHLEEN M. PACIOUS   558555
      Deputy Attorney General

      DEVON ORLAND          554301
      Senior Assistant Attorney General

      */s/ Ellen Cusimano*
      ELLEN CUSIMANO      844964
      Assistant Attorney General

Please address all
Communications to:

Ellen Cusimano
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
(404) 657-4355
ecusimano@law.ga.gov

# **ATTACHMENT A**

Defendant Calhoun may be contacted through defense counsel.

Plaintiffs

Any person identified by Plaintiffs

Any person mentioned or identified in the incident report or medical records concerning the decedent's suicide on December 7, 2014. Please note that all current employees of the Georgia Department of Corrections should be contacted through defense counsel.

In the event that additional witnesses become known to Defendant Calhoun, this response will be supplemented in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

# ATTACHMENT C

Defendant Calhoun possesses the following categories of documents and tangible things:

Incident report regarding the decedent's suicide on December 7, 2014

Video recordings of the decedent's suicide on December 7, 2014

Internal Affairs report regarding the decedent's suicide on December 7, 2014

Personnel File of Defendant Calhoun

GBI File regarding the decedent's suicide on December 7, 2014


In the event that additional documents become known to Defendant Calhoun, this response will be supplemented in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **INITIAL DISCLOSURES OF DEFENDANT CALHOUN** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Jeff Edwards
Scott Medlock
The Edwards Law Firm
The Haehnel Building
1101 E. 11th Street
Austin, TX 78702

This 3rd day of April, 2017.

*/s/ Ellen Cusimano*
ELLEN CUSIMANO          844964
Assistant Attorney General