## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

MARIA ARENAS, individually,     \*

                                      \*

       Plaintiff,              \*

                                      \*     CIVIL ACTION FILE

v.                              \*     No. 5:16-cv-1203-XR

                                      \*

JOHN CALHOUN, in his individual     \*

capacity,                        \*

                                      \*

       Defendant.             \*

### DEFENDANT'S REPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
### TO RECONSIDER ORDER GRANTING SUMMARY JUDGMENT

Plaintiff has filed a motion for reconsideration of this Court's reasoned February 13, 2018

decision which granted Officer Calhoun's motion for summary judgment. Two grounds are

asserted in support of the motion but neither has merit. Plaintiff's motion should be denied.

Federal Rule of Civil Procedure 59(e) "governs Plaintiff's motion for reconsideration. A

motion to alter or amend judgment under this Rule 'must clearly establish either a manifest error

of law or fact or must present newly discovered evidence.' It 'cannot be used to raise arguments

which could, and should, have been made before the judgment issued.'" *Bragg v. Edwards

Aquifer Auth.*, 2008 U.S. Dist. LEXIS 38523, \*9 (W.D. Tex. May 12, 2008) (Rodriguez, J.).

Plaintiff's motion is not based on a manifest error of law or on newly discovered evidence, and

so it must clearly establish a manifest error of fact. This it has failed to do.

Plaintiff first argues that the Court "erred in concluding" that Georgia Department of

Corrections policy SOP VG68-0001 "did not apply at the Smith State Prison where Tavera

died." According to Plaintiff, there is evidence the policy applies at Smith State Prison and "a

reasonable jury could choose to believe Defendant violated Georgia's policy." This argument

fails for two reasons. *First*, a policy violation even if shown to exist does not amount to a

constitutional violation. *See, e.g., Gaddis v. Wilkinson*, 2016 U.S. Dist. LEXIS 147673 (E.D. Tex. 2016) (explaining that "[a]t best, any failure to follow any such alleged policy reflects mere negligence and not deliberate indifference"); *Althouse v. Roe*, 542 F. Supp. 2d 543 (E.D. Tex. 2008). Plaintiff must show deliberate indifference, not mere negligence, and the record evidence fails to show deliberate indifference for the reasons that are stated in this Court's order on the motion for summary judgment. Specifically, the record evidence as detailed in this Court's order shows that, rather than failing to respond to Richard Tavera's suicide as Plaintiff contended, Officer Calhoun immediately called for backup and when it arrived in sufficient number as determined by the supervising officer (Lieutenant Dickson) he entered the cell and worked with the other officers to try to save Tavera's life. *See* Doc. 49 at 3-5, 12-18. Based on the evidence, this Court held that there is no dispute of material fact that Officer Calhoun's response to the suicide was not made with deliberate indifference. *See id.* This fact finding was not error, and more importantly Plaintiff's motion does not clearly establish a manifest error of fact as required for relief from the Court's judgment.

*Second*, the premise of this argument is wrong because it misstates the Court's ruling. The Court did not find that SOP VG68-0001 did not apply at Smith State Prison. The Court said exactly the opposite. *See* Doc. 49 at 16 ("The procedure applies to 'all State Institutions ….'"). However, reading the plain language of the policy, the Court found that it applies when an inmate has been identified as potentially suicidal or self-injurious, and, based on such identification, has been "referred for further evaluation and/or stabilization/management." *See* Doc. 49 at 16-17. Of critical importance here, the record evidence is clear and undisputed that neither of these predicates had occurred as of the time of Tavera's suicide: Tavera had not been identified as potentially suicidal and he was not referred for stabilization or placed in a

stabilization unit as described in the policy. As the Court plainly stated in its ruling on the motion for summary judgment, "Plaintiff has presented no evidence that such was the case for Tavera, and thus, has presented no evidence that this specific standard operating procedure applied to Defendant when he discovered that Tavera was attempting suicide." *See id.* at 17. This fact finding was not error, and again more importantly Plaintiff's motion does not clearly establish a manifest error of fact as required for relief from the Court's judgment.

The argument that, based on SOP VG68-0001, Officer Calhoun should have immediately entered Tavera's cell and cut him down overlooks another key undisputed fact in the record. Officer Calhoun testified that officers at Smith State Prison did not have suicide tools or cutting instruments such as are referenced in this policy. *See* Doc. 34-2 (Calhoun Dep. at 61-62). This evidence is consistent with Steve Upton's explanation of the policy and how inmates are managed under the policy. *See* Doc. 44-1 at 4-6 (explaining that inmates identified as potentially suicidal or self-injurious under the policy are housed and monitored in one of the six tiers of stabilization that are established for such inmates; and also stating "Correctional officers outside of the special stabilization units that are described in SOP VG68-0001 are not equipped with knives or scissors or other cutting instruments because those could be taken by an inmate and then could be used to harm an officer or other inmates.") Officer Calhoun cannot be found to have been deliberately indifferent in failing to use a tool that he did not have.

In a final attempt to get this Court to change its mind, Plaintiff points to deposition testimony from Sergeant Shelby and Lieutenant Dickson. Plaintiff's reliance on this testimony is misplaced. Both officers testified that they were not familiar with SOP VG68-0001 and had not seen it utilized in their work experience. *See* Doc. 45-1 (Shelby Dep. at 71, 77); Doc. 45-2 (Dickson Dep. at 83). Both officers confirmed, just like Officer Calhoun and Mr. Upton, that

officers at Smith State Prison do not have cutting instruments such as are referenced in the

policy. *See* Doc. 45-1 (Shelby Dep. at 71, 77); Doc. 45-2 (Dickson Dep. at 83, 93, 95). Both gave

evidence that GDC policy and practice prohibits officers from entering an inmate's cell without

additional officers being present for safety reasons. *See* Doc. 45-1 (Shelby Dep. at 15, 18); Doc.

45-2 (Dickson Dep. at 19, 20, 77); *see also* 44-2 (Shelby ROG Response ¶16); 34-6 (Dickson

Aff., ¶ 12); 34-7 (Shelby Aff., ¶ 13). Here again Plaintiff is making an argument that was

previously made and that was considered and rejected by the Court. The Court considered the

testimony of these witnesses and determined that it does not override the plain language of the

policy and the evidence (*i.e.*, that Tavera was not identified as suicidal and was not in a

stabilization unit) showing that the policy did not apply to Officer Calhoun when he discovered

Tavera. *See* Doc. 49 at 17. Plaintiff again has failed to clearly establish a manifest error of fact as

required for relief from the Court's judgment.

Plaintiff's second argument for relief from the judgment is that the Court made a factual

error in ignoring evidence of a "critical six minute lapse that likely caused Tavera's death." But

this argument merely re-states the arguments that were made in earlier briefs and in fact

arguments that were expressly noted by the Court. The Court noted three times in its decision

Plaintiff's contention that, after Officer Calhoun called for backup, seven minutes passed before

assistance arrived and Tavera was removed from his position. *See* Doc. 49 at 5, 13, 14. But, as

the Court explained in its decision, "Plaintiff has presented no evidence that Defendant refused

to respond to Tavera's suicide when he discovered it, ignored the attempted suicide, intentionally

treated Tavera incorrectly, or acted in such a way to demonstrate a wanton disregard for the risk

to Tavera's life." *See id*. at 15. In reaching this finding the Court did not apply an incorrect legal

standard – it applied settled Eighth Amendment jurisprudence. *See id*. Therefore, on the second

argument Plaintiff's motion also fails to clearly establish a manifest error of fact as required for relief from the Court's judgment.

As the Court said in its decision, this is a case where the parties and even the experts do not agree on the proper or ideal response to Tavera's suicide. Where, as here, even the experts in corrections disagree on the conduct that was required in the circumstances, where the evidence is that there are real and palpable security risks supporting the security protocol and practice that Officer Calhoun followed, and where no Fifth Circuit precedent dictates that for every like-situated officer the selected course of conduct in the situation confronting Officer Calhoun amounts to a violation of federal law, the claim is barred by qualified immunity. While the Court's decision did not address qualified immunity because it found the evidence fails to show deliberate indifference, this is another basis for entering summary judgment and for upholding the entry of summary judgment for Officer Calhoun in this case. Plaintiff's claim does not account for the very real competing safety and security risks that are presented by the difficult scenario of suicides or self-harm incidents that occur in a secure correctional setting. Because pre-existing law does not dictate the conclusion that for Officer Calhoun, and for every like-situated, reasonable government agent, adherence to established security protocols and procedures for entry into a prison cell would violate federal law, qualified immunity bars Plaintiff's claim. *See Pasco v. Knoblauch*, 566 F.3d 572, 578-79 (5th Cir. 2009); *Walton v. Alexander*, 20 F.3d 1350, 1361, n.10 (5th Cir. 1994) (citing *K.H. Through Murphy v. Morgan*, 914 F.2d 846, 851 (7th Cir.1990) ("Liability in that particular set [of facts] must have been established at the time the defendant acted.")).

For the stated reasons, Officer Calhoun respectfully requests that the Court deny Plaintiff's motion for reconsideration.

Respectfully submitted,

CHRISTOPHER M. CARR      112505
Attorney General

KATHLEEN M. PACIOUS      558555
Deputy Attorney General

ROGER CHALMERS      118720
Senior Assistant Attorney General


*/s/ Ellen Cusimano*
ELLEN CUSIMANO      844964
Assistant Attorney General
*Admitted Pro Hac Vice*

Please Serve:

Ellen Cusimano
Assistant Attorney General
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, GA 30334-1300
(404) 657-4355
ecusimano@law.ga.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this day, served the foregoing **DEFENDANT'S REPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER ORDER GRANTING SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Jeff Edwards
Scott Medlock
David James
The Edwards Law Firm
The Haehnel Building
1101 E. 11th Street
Austin, TX 78702

This 13th day of March, 2018.

/s/ Ellen Cusimano
ELLEN CUSIMANO          844964
Assistant Attorney General
Pro Hac Vice